**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | |
|---|---|
| UNITED STATES, | § |
| | § |
| | §   Cr. No. C-04-363 |
| v. | § |
| | § |
| UVALDO RAMIREZ. | § |

**ORDER DENYING LETTER MOTION FOR
EXTENSION OF TIME TO FILE MOTION UNDER 28 U.S.C. § 2255**

Uvaldo Ramirez ("Ramirez") pleaded guilty to the sole count of the superseding indictment against him. (D.E. 16, 28). He was sentenced by this Court on March 21, 2005 (D.E. 34) and judgment was entered against him on March 29, 2005. (D.E. 35.) He did not appeal.

On November 27, 2007, the Clerk received from Ramirez a *pro se* letter motion for extension. (D.E. 50.) In it, he acknowledges that he did not timely file a motion pursuant to 28 U.S.C. § 2255, and requests a 30-day extension in which to file such a motion. He claims that he retained counsel to file a § 2255 motion, but that his counsel, Larry Warner, failed to do so. Although he was ultimately able to obtain a refund of the $14,000 retainer he allegedly provided Mr. Warner to file such a motion, no motion was ever filed on his behalf. (D.E. 50 at 1.)

As Ramirez appears to concede, a motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*). In this case, Ramirez's conviction became final when he failed to appeal within the 10-day window

1

allowed for an appeal, or on April 12, 2005. Thus, he had one year from that date, or until April 12, 2006, to file his § 2255 motion, as calculated under 28 U.S.C. § 2255(1).

The statute also provides certain alternative dates upon which the limitations period may begin, see 28 U.S.C. § 2255(2)-(4) and is also subject to equitable tolling "in rare and exceptional cases." United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

While equitable tolling and statutory tolling are available in certain limited circumstances, the Court cannot consider a motion for extension or for tolling without a § 2255 motion before it. See United States v. Shipman, 61 Fed. Appx. 919 (5th Cir. 2003) (affirming the district court's denial of a motion for extension of time to file a § 2255 motion, and agreeing with the reasoning of United States v. Leon, 203 F.3d 162 (2d Cir. 2000) that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed" because "[b]efore the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'").

Accordingly, if Ramirez wishes to file a § 2255 motion, he should do so as soon as possible. Once filed, the Court will have the jurisdiction to determine whether it should be deemed timely filed. The Court reaches no conclusions herein as to whether Ramirez would be entitled to any tolling, so as to deem any future motion timely. The Court will address the timeliness of any § 2255 motion filed by Ramirez after it is filed. Until that time, the Court lacks jurisdiction to entertain a motion for extension. See Shipman, supra.

## **CONCLUSION**

For the foregoing reasons, Ramirez's motion for extension (D.E. 50) is DENIED. Additionally, the Clerk is directed to provide a blank set of § 2255 forms to Ramirez, along with his copy of this Order.

It is so ORDERED this 3rd day of December, 2007.

_____
Janis Graham Jack
United States District Judge